S. D. IRVIN, administrator of BOND, plaintiff in error, *vs.* THOMAS D. SPEER, defendant in error.

(BY TWO JUDGES.) Where A buys land from B before June, 1865, and gives his note for the purchase-money, and afterwards sells the land and receives payment, and his purchaser takes possession, and A is then sued on the note, he cannot be said to have been, at the commencement of the action, in possession of the property for the purpose of which the contract was entered into, even though he may not have made to the purchaser a deed. The case is, therefore, not with the 15th section of the Relief Act of 1870, and the usual affidavit must be filed. 27th February, 1871.

Relief Act of 1870. Before Judge CLARK. Sumter Superior Court. December Term, 1871.

For the facts see the opinion.

LYON, DEGRAFFENREID & IRVIN; W. A. HAWKINS, for plaintiff in error.

C. T. GOODE, for defendant.

MONTGOMERY, Judge.

The note, the foundation of the present suit, was given for lot of land number one hundred and twenty-eight, in the Fifteenth District of Sumter county. The defendant, Speer, went into possession, and continued so until he sold

to one Charles Bass, long before the commencement of this suit. Bass paid Speer for the lot and took his bond for titles, and has remained in possession, under that bond, from 1861 until recently, when he sold to his brother, and gave him his bond for titles. He did not make a deed, as Speer had made none to him ; which Speer did not do, because he had never received a deed from Bond, the plaintiff's intestate. Defendant moved to dismiss the case for the want of an affidavit of the payment of taxes, as required by the Relief Act of 1870.

Under this statement of facts, the Court decided that the case did not fall within the 15th section of the Relief Act of 1870, and that the affidavit was necessary, and for want of which he dismissed the case. We think the Court right, and affirm his judgment.